Michael L. Turrill, Bar No. 185263
Vassi Iliadis, Bar No. 296382
**HOGAN LOVELLS US LLP**
1999 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 785-4600
Facsimile: (310) 785-4601
michael.turrill@hoganlovells.com
vassi.iliadis@hoganlovells.com

*Attorneys for Defendant*
BANK OF AMERICA, N.A.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLORIA RODRIGUEZ, Individually and on behalf of others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> BANK OF AMERICA N.A., <br><br> Defendant. | Case No. 19-cv-01236-LAB-MSB <br><br> The Honorable Larry A. Burns <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR DAMAGES** <br><br> Hearing Date: October 7, 2019 <br> Time: 11:15 a.m. <br><br> **NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** <br><br> Complaint Filed: July 3, 2019 <br> Trial Date: None Set <br><br> *[Notice of Motion and Motion, [Proposed] Order, and Filed Concurrently Herewith]* |

# **TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................ 7

INTRODUCTION ..................................................................................................... 7

SUMMARY OF ALLEGATIONS ........................................................................... 8

ARGUMENT ............................................................................................................. 9

    I.    PLAINTIFF LACKS ARTICLE III STANDING ............................... 9

    II.    PLAINTIFF FAILS TO PLEAD HER CCRAA CLAIM WITH ADEQUATE FACTUAL SPECIFICITY PURSUANT TO FED. R. CIV. P. 8(a) ............................................... 12

    III.    PLAINTIFF'S CCRAA CLAIM FAILS AS A MATTER OF LAW ................................................................................................ 13

        A.    Plaintiff Has Not Adequately Alleged a Violation of Section 1785.25(a). ..................................................................... 14

        B.    Plaintiff Fails to Allege Actual Damages. ................................. 16

        C.    Plaintiff Fails to Plead Willfulness Sufficient to Support Her Claim for Statutory Punitive Damages. ............... 18

        D.    Plaintiff's Claim for Violation of Section 1785.25(b) is Preempted. ............................................................................ 19

CONCLUSION ....................................................................................................... 20

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................. 12, 14

*Banga v. First USA, NA*,
  29 F. Supp. 3d 1270 (N.D. Cal. Mar. 20, 2014) ................................................. 7, 16

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................................. 12, 14

*Carvalho v. Equifax Info. Servs., LLC*,
  629 F.3d 876 (9th Cir. 2010) ............................................................................................ 11

*Caviness v. Horizon Cmty. Learning Ctr., Inc.*,
  590 F.3d 806 (9th Cir. 2010) ............................................................................................ 13

*Chandler v. State Farm Mut. Auto. Ins. Co.*,
  598 F.3d 1115 (9th Cir. 2010) ........................................................................................... 9

*Clapper v. Amnesty Int'l USA*,
  568 U.S. 398 (2013) ......................................................................................................... 11

*Co v. JP Morgan Chase Bank*,
  No. 12-6560 PJH, 2013 WL 1788061 (N.D. Cal. Apr. 26, 2013) ....................... 12

*Duarte v. J.P. Morgan Chase Bank*,
  No. CV 13-1105-GHK, 2014 WL 12561052 (C.D. Cal. Apr. 7,
  2014) ................................................................................................................................ 16, 17

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*,
  528 U.S. 167 (2000) ......................................................................................................... 10

*Grantham v. Bank of Am., N.A.*,
  No. CV12-1960 MEJ, 2012 WL 5904729 (N.D. Cal. Nov. 26, 2012) ................ 15

*Harrold v. Experian Info. Sols., Inc.*,
  No. C 12–02987 WHA, 2012 WL 4097708 (N.D. Cal. Sept. 17,
  2012) .................................................................................................................................... 20

*Holmes v. JP Morgan Chase Bank*,
  No. 18-cv- 01693 DMS (JLB), 2019 WL 2183449 (S.D. Cal. Feb.
  12, 2019) ................................................................................................................. 20

*Huizar v. Wells Fargo Bank, N.A.*,
  257 F.Supp.3d 1103  (E.D. Cal. 2017) ................................................................... 15

*Kilcullen v. Select Portfolio Servicing, Inc.*,
  No. 11-cv-2657-BEN (DHB), 2012 WL 1667150 (S.D. Cal., May
  10, 2012) ................................................................................................................. 18

*King v. Bank of Am., N.A.*,
  No. C-12-04168 JCS, 2012 WL 4685993 (N.D. Cal. Oct. 1, 2012) .................... 17

*Kuns v. Ocwen Loan Servicing, LLC*,
  611 F.App'x 398 (9th Cir. 2015) ............................................................................ 14

*Lovejoy v. Bank of Am., N.A.*,
  No. C 13-1638 DMR, 2013 WL 3360898 (N.D. Cal. July 3, 2013) .................... 20

*Lujan v. Defs. of Wildlife*,
  504 U.S. 555 (1992) ......................................................................................... 9, 11

*Mata v. Citimortgage, Inc.*,
  No. CV 10-9167 DSF, 2011 WL 13217796 (C.D. Cal. June 8, 2011) .......... 19, 20

*McHenry v. Renne*,
  84 F.3d 1172 (9th Cir. 1996) .................................................................................. 13

*Morse v. USAA Fed. Sav. Bank*,
  No. 2:12-CV-00381-KJD-RJJ, 2012 WL 6020090 (D. Nev. Dec. 3,
  2012) ........................................................................................................................ 16

*Mortimer v. Bank of Am., N.A.*,
  No. C-12-01959 JCS, 2013 WL 1501452 (N.D. Cal. Apr. 10, 2013) .................. 13

*Quinlan v. Citimortgage, Inc.*,
  No. 2:11-cv-00986-MCE-EFB, 2011 WL 5299311 (E.D. Cal., Nov.
  2, 2011) .............................................................................................................. 13, 16

*Ramos v. Experian Info. Sols., Inc.*,
  No. 16-cv-06375-PJH, 2017 WL 1047019 (N.D. Cal. Mar. 20,
  2017) ........................................................................................................................ 17

*Robins v. Spokeo, Inc.*,
  867 F.3d 1108 (9th Cir. 2017) ............................................................................... 11

*Safeco Ins. Co. of Am. v. Burr*,
  551 U.S. 47 (2007) ................................................................................................ 18

*Scott v. Kuhlmann*,
  746 F.2d 1377 (9th Cir. 1984) ............................................................................... 19

*Sisseton-Wahpeton Sioux Tribe v. United States*,
  90 F.3d 351 (9th Cir. 1996) ................................................................................... 20

*Spokeo, Inc. v. Robins*,
  136 S. Ct. 1540 (2016) ............................................................................... 10, 11, 12

*Summers v. Earth Island Inst.*,
  555 U.S. 488 (2009) .............................................................................................. 10

*Venugopal v. Dig. Fed. Credit Union*,
  No. 5:12-CV-06067 EJD, 2013 WL 1283436 (N.D. Cal. Mar. 27,
  2013) ...................................................................................................................... 15

*Von Saher v. Norton Simon Museum of Art at Pasadena*,
  592 F.3d 954 (9th Cir. 2010) ................................................................................. 19

*Young v. Harbor Motor Works, Inc.*,
  No. 2:07-CV-31 JVB, 2009 WL 187793 (N.D. Ind. Jan. 27, 2009) ..................... 17

**Statutes**

15 U.S.C. § 1681 *et seq.* .............................................................................................. 7, 11

15 U.S.C. § 1681 s–2(a)(2) ............................................................................................. 19

15 U.S.C. § 1681t(b)(1)(F) ............................................................................................. 19

15 U.S.C. § 1681t(b)(1)(F)(ii) ........................................................................................ 20

Cal. Civ. Code § 1785.25(a) .......................................................................... 14, 18, 20

Cal. Civ. Code § 1785.25(b) ................................................................... 7, 14, 19, 20

**Other Authorities**

Fed. R. Civ. P. 8(a)(2) ............................................................................................. 7, 12

Fed. R. Civ. P. 12(b)(1) ................................................................................................ 9

Fed. R. Civ. P. 12(b)(6) ....................................................................................... 13, 14

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiff Gloria Rodriguez's ("Plaintiff") Complaint falls woefully short of stating a claim upon which relief may be granted against defendant Bank of America, N.A. ("BofA"). Plaintiff contends that BofA willfully violated the California Consumer Credit Reporting Agencies Act ("CCRAA") when it purportedly furnished inaccurate information about a loan to Plaintiff to credit reporting agencies, which has since been discharged through bankruptcy. The only factual basis for Plaintiff's CCRAA claim is that BofA reports "continuing monthly payments as opposed to a $0 monthly payment." Complaint ("Compl."), ¶ 37. Critically, however, Plaintiff's own credit report shows that her account with BofA is "Paid and Closed" as of July 2009 and that there is a "zero balance." *See* Request for Judicial Notice ("RJN"), Ex. A.

The Complaint is utterly devoid of merit and should be dismissed with prejudice for three reasons:

***First***, Plaintiff lacks Article III standing to bring this action as she has not adequately alleged a concrete injury causally connected to BofA's purported CCRAA violation.

***Second***, the Complaint fails to state a claim for a violation of the CCRAA that is plausible on its face because it lacks specificity and fails to meet the minimum pleading standard required by Federal Rule of Civil Procedure 8(a).

***Third***, and most significantly, even if Plaintiff had standing, the Complaint fails to adequately plead violations of sections 1785.25(a) & (b) of the CCRAA. Plaintiff has not, and cannot, allege sufficient facts to show that BofA furnished inaccurate information to support a violation of section 1782.25(a), nor has she adequately pled actual or statutory punitive damages. Further, Plaintiff's section 1785.25(b) claim is expressly preempted by the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* and fails on that basis.

As these defects are fatal to Plaintiff's claims and not curable, the Complaint should be dismissed without leave to amend.

## SUMMARY OF ALLEGATIONS

Plaintiff filed this putative class action against BofA for its purported violation of the CCRAA, Cal. Civ. Code § 1785.1, *et seq.*, based on BofA's alleged "reporting [of] erroneous, negative and derogatory information on Plaintiff's credit report" and "systemic issuance of erroneous credit reports," as well as its purported failure to follow the industry-standard Metro 2 electronic data reporting format. Complaint ("Compl."), Dkt. No. 1, ¶¶ 2, 3, 27.  Specifically, Plaintiff alleges that she incurred a financial obligation ("Debt") to BofA arising out of a loan that it extended to her "sometime before July 31, 2017."  *Id.* ¶ 17.  Then, on July 31, 2017, Plaintiff claims that she filed for Chapter 7 Bankruptcy and her Debt was discharged pursuant to court order on November 28, 2017, which the bankruptcy court subsequently mailed to BofA. *Id.* ¶¶ 18-19.  Plaintiff avers that BofA therefore "had explicit and authoritative evidence that the Debt was discharged, meaning scheduled payments were no longer due."  *Id.* ¶ 40.

Despite the fact that the scheduled monthly payments were no longer due and owing as a result of the bankruptcy court's order, the Complaint alleges that BofA incorrectly reported a scheduled monthly payment of $449 towards the Debt. *Id.* ¶ 21. Plaintiff discovered BofA's "false furnishing of information when reviewing her Equifax credit report" in or around April 2018 and, thereafter, she "faxed Equifax a dispute, which included a description of [BofA's] erroneous reporting." *Id.* ¶¶ 22, 23.  According to Plaintiff, her "credit report remains inaccurate because [BofA] refuses to correct the scheduled payment listing." *Id.* ¶ 24.  She further claims that BofA's reporting of "these continuing monthly payment obligations is patently incorrect, misleading, and fails to comply with the Metro 2 Guidelines," a "resource guide" which "explains the proper procedures for reporting information *Id.* ¶ 27.

Plaintiff alleges in a conclusory fashion that by furnishing inaccurate information to credit bureaus, BofA has "misrepresented the status of Plaintiff's financial obligations," which in turn has caused her to suffer damages in the form of damage to her "creditworthiness." *Id*. ¶¶ 34-35, 38. Plaintiff further alleges that her right to be able to apply for credit based on accurate information has been violated, placing her at an increased risk of not being able to obtain valuable credit and adversely affecting [her] credit rating." *Id*. ¶ 39.

Based on these allegations, Plaintiff asserts a claim under sections 1782.25(a) & (b) of the CCRAA, *id*. ¶¶ 68-70, on behalf of "[a]ll persons with addresses within California; (ii)[1] who have or had account(s) with Defendant; (iii) where said account(s) has $0 balance; (iv) where Defendant reported a monthly payment obligation; and (v) within two years prior to the filing of the Complaint in this action. *Id*. ¶ 54. Plaintiff seeks actual and punitive damages, equitable and injunctive relief, and attorneys' fees and costs. *Id*. at pp. 11-12 ("Prayer for Relief").

## ARGUMENT

### I. PLAINTIFF LACKS ARTICLE III STANDING

Plaintiff's Complaint should be dismissed because Plaintiff lacks standing to bring this action. A challenge to standing under Article III "pertain[s] to [a] federal court[']s[] subject matter jurisdiction" and is therefore "properly raised in a Rule 12(b)(1) motion to dismiss." *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010). Article III requires Plaintiff to show (1) a "concrete and particularized" "injury in fact" that is "actual or imminent, not conjectural or hypothetical;" (2) "a causal connection between the injury and the conduct complained of" such that the injury can be "fairly trace[d]" to the conduct; and (3) that the injury can be redressed by judicial action. *Lujan v. Defs. of Wildlife*, 504

---

[1] Plaintiff appears to mis-number the descriptive components of her putative class in this class definition paragraph. *See id*. ¶ 54.

1  U.S. 555, 560 (1992) (internal quotation marks and ellipses omitted). "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing [the elements of standing]." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) ("*Spokeo I*"). To plead standing, "the plaintiff must 'clearly . . . allege facts demonstrating' each element." *Id.* (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)).² "[C]onclusory allegations" and "general averments" cannot be used to establish standing. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 184 (2000) (citation and internal quotation marks omitted).

It is well-established that a plaintiff seeking damages for the violation of a statutory right must not only plausibly allege the violation but must also plausibly allege a "concrete" injury causally connected to the violation. *Spokeo I*, 136 S. Ct. at 1549; *see also Summers v. Earth Island Inst.*, 555 U.S. 488, 496 (2009) ("[D]eprivation of a procedural right without some concrete interest that is affected by the deprivation—a procedural right *in vacuo*—is insufficient to create Article III standing.").

Here, Plaintiff's primary claim of injury is that BofA furnished inaccurate information (*i.e.*, a continuing monthly payment on a closed account) which has "damaged [her] creditworthiness" and therefore will adversely affect credit decisions. Compl. ¶¶ 38-39. In other words, Plaintiff claims that she *might* suffer an injury in the future *if* she applies for new credit, and creditors believe she has fewer funds available to satisfy the new credit as a result of the monthly payment obligation being reported.³ Based on the allegations here, that fear is far too

---

² Moreover, a plaintiff purporting to represent a class must establish that "[she] personally [has] been injured, not that injury has been suffered by other, unidentified members of the class to which [she] belong[s]." *Spokeo*, 136 S. Ct. at 1547 n.6 (internal quotation marks omitted).

³ Such a claim does not even make sense where, as described below in Section III, it is clear that BofA is ***not*** reporting a "monthly payment *obligation*." Rather, Plaintiff's credit report merely shows the prior "scheduled payment amount" on an account that the report accurately reflects is "paid and closed" and has a "zero balance." *See* RJN, Ex. A.

"conjectural" and "hypothetical" to establish standing. *Lujan*, 504 U.S. at 560 (internal quotation marks omitted); *see also Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (citation and internal quotation marks omitted) ("allegations of possible future injury are not sufficient" to constitute injury in fact). Plaintiff's allegations rest on what the Supreme Court has called a speculative "chain of contingencies" that cannot support standing. *See id.* at 410.

Additionally, aside from the alleged inaccurate reporting of a continuing monthly payment, Plaintiff does not allege that her credit report erroneously reflects a balance due on that account. Compl. ¶¶ 24, 44. In the context of purported violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* ("FCRA"), the Supreme Court has recognized that, for purposes of pleading an injury-in-fact, "not all inaccuracies cause harm or present any material risk of harm"; for example, a consumer reporting agency may disseminate an incorrect zip code for an individual, but "[i]t is difficult to imagine how [that] dissemination . . ., without more, could work any concrete harm." *Spokeo I*, 136 S. Ct. at 1550.[4] On the other hand, the Ninth Circuit, on remand from the Supreme Court, found that a credit reporting agency's dissemination of inaccurate information related to a plaintiff's age, marital status, current employment, education level, and wealth presented a real risk to future employment prospects sufficient to confer Article III standing. *Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1117 (9th Cir. 2017) ("*Spokeo II*").

Here, on the spectrum of violations sufficient to establish injury-in-fact, BofA's purported violation is closer to the reporting of an incorrect zip code (which the *Spokeo I* Court said could not confer Article III standing) than it is to the

---

[4] The "Argument" section of this brief cites to case law interpreting the FCRA. "[B]ecause the CCRAA 'is substantially based on the Federal Fair Credit Reporting Act, judicial interpretation of the federal provisions is persuasive authority and entitled to substantial weight when interpreting the California provisions.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 889 (9th Cir. 2010) (quoting *Olson v. Six Rivers Nat'l Bank*, 111 Cal. App. 4th 1, 12 (2003)).

1  incorrect reporting of one's age, education level, wealth, marital status, etc. Thus,
2  Plaintiff's unsubstantiated claim of impairment to her creditworthiness amounts to
3  nothing more than a "bare procedural violation [] divorced from any concrete harm."
4  *Spokeo I,* 136 S. Ct. at 1549.

## II. PLAINTIFF FAILS TO PLEAD HER CCRAA CLAIM WITH ADEQUATE FACTUAL SPECIFICITY PURSUANT TO FED. R. CIV. P. 8(a)

Determining whether Plaintiff's factual allegations "plausibly give rise to an entitlement to relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009), the Court must determine whether the complaint provides enough detail to "give the defendant fair notice of what the [. . .] claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted); *see* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."). Even if Plaintiff has standing to bring this action, dismissal is warranted here because the Complaint fails to meet this pleading standard.

Plaintiff alleges a claim for relief under sections 1785.25(a) and (b) of the CCRAA for inaccurate reporting on Plaintiff's credit report and failure to make corrections to the information it furnished to credit reporting agencies. Other than stating the conclusory allegations outlined above, Plaintiff does not allege specific facts to support her allegations that (i) BofA fails to comply with the Metro 2 Guidelines when it furnishes information to credit bureaus (*see id.* ¶¶ 27-33);[5] (ii)

---

[5] "Metro 2" refers to a standardized format and reporting procedures established by the Consumer Data Industry Association for credit reporting data furnishers. Plaintiff's theory of liability with respect to allegations of BofA's purported failure to comply with the Metro 2 Guidelines is unclear. After all, a failure to comply with Metro 2 Guidelines is not the basis for a violation of the CCRAA (or its federal analogue, the Fair Credit Reporting Act). *See, e.g.*, *Co v. JP Morgan Chase Bank*, No. 12-6560 PJH, 2013 WL 1788061, at *2 (N.D. Cal. Apr. 26, 2013) ("[P]laintiffs concede that [the Metro 2] guidelines are not binding on Chase, and that non-compliance with the guidelines does not constitute a violation of. . . CCRA");

BofA has a "deliberate policy of not accurately reporting" debts (*id.* ¶ 48); and (iii) BofA "refuses" to make updates to consumers' credit reports (*id.* ¶ 24). The Complaint is also silent with respect to the details of any information BofA allegedly provided to credit reporting agencies for purposes of establishing liability under the CCRAA other than to say that BofA "erroneously reported continual monthly payment obligations." *Id.* ¶ 3. Further, the Complaint alleges that BofA's purported actions "constitute numerous and multiple violations" of the CCRAA, *id.* ¶ 69, yet it only alleges violations of sections 1785.25(a) & (b) (the latter being preempted, as discussed below). *Id.* ¶¶ 68-70.

For these reasons, the Complaint's threadbare factual allegations fail to plausibly give rise to a claim and should be dismissed on that basis. *See, e.g.*, *McHenry v. Renne,* 84 F.3d 1172, 1175 (9th Cir. 1996) (affirming dismissal for failure to contain a short and plain statement of claims for relief and failure to give defendants a fair opportunity to frame a responsive pleading); *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 818 (9th Cir. 2010) (affirming dismissal of action for failure to meet standard of plausibility); *see also, e.g.*, *Quinlan v. Citimortgage, Inc.*, No. 2:11-cv-00986-MCE-EFB, 2011 WL 5299311, at *3 (E.D. Cal., Nov. 2, 2011) (dismissing CCRAA claim for lack of sufficiency of pleading where complaint was "silent with respect to the details of any information provided to credit reporting agencies for purposes of establishing liability under the CCRAA").

### III. PLAINTIFF'S CCRAA CLAIM FAILS AS A MATTER OF LAW

Assuming *arguendo* that Plaintiff's speculative allegations of injury could pass muster under Article III and the Rule 8 pleading standard (and they cannot), dismissal still would be appropriate under Rule 12(b)(6). To survive a motion to

---

*Mortimer v. Bank of Am., N.A.*, No. C-12-01959 JCS, 2013 WL 1501452, at *12 (N.D. Cal. Apr. 10, 2013) ("Defendant's alleged noncompliance with the Metro 2 Format is an insufficient basis to state a claim under the FCRA.").

dismiss for failure to state a claim under Rule 12(b)(6), a complaint must state "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Iqbal*, 556 U.S. at 679. Under this standard, a plaintiff must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). Rather, the complaint must allege a factual basis for each element of each cause of action. *See Iqbal*, 556 U.S. at 678-79, 687.

Here, as described in detail below, Plaintiff's CCRAA claim fails for four critical reasons: (1) Plaintiff has not adequately alleged a violation of Section 1785.25(a) because she has not alleged sufficient facts to show that BofA furnished incomplete or inaccurate information or that her credit report is actually inaccurate; (2) Plaintiff has not adequately pled that she suffered actual damages, which is an element of any CCRAA claim; (3) Plaintiff has not sufficiently alleged that BofA willfully violated the CCRAA such that statutory punitive damages are recoverable; and (4) Plaintiff's section 1785.25(b) claim fails because it is expressly preempted by the FCRA.

### A. Plaintiff Has Not Adequately Alleged a Violation of Section 1785.25(a).

Plaintiff's CCRAA claim fails because she alleges that the credit report contains "inaccurate" and "negative" information furnished by BofA, but that is not actually the case. Section 1785.25(a) of the CCRAA provides in pertinent part, that "[a] person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate." Cal. Civ. Code § 1785.25(a). The phrase "incomplete or inaccurate" in section 1785.25(a) requires furnishers of credit information to "not only refrain from making any reports that are obviously wrong or missing crucial data, but also that the reports not contain information that is materially misleading." *Kuns v. Ocwen Loan Servicing, LLC*, 611 F.App'x 398, 400

(9th Cir. 2015). This standard is met when a complaint plausibly alleges that a furnisher failed to report a debt as discharged, *see Venugopal v. Dig. Fed. Credit Union*, No. 5:12-CV-06067 EJD, 2013 WL 1283436, at *3 (N.D. Cal. Mar. 27, 2013), or where a furnisher reported inconsistent information, some of which was negative to the debtor. *Grantham v. Bank of Am., N.A.*, No. CV12-1960 MEJ, 2012 WL 5904729, at *4 (N.D. Cal. Nov. 26, 2012).

Here, Plaintiff alleges that her credit report reflects a scheduled payment amount of $449.00 on her BofA loan account even though the account is closed. However, Plaintiff fails to include in the Complaint key details about her credit report that undermine her CCRAA claim – namely that her credit report reflects that her BofA account contains a ***$0 balance*** and is "***paid and closed***" with the "date of last payment" and "date of last activity" being ***July 2009.*** *See* RJN, Ex. A (emphasis added). That Plaintiff's credit report indicates how much *was* due on a monthly basis is not incorrect, materially misleading, or inconsistent with the other accurate information reflected on the report.

Unlike in other cases in which California courts have found valid claims for relief under the CCRAA, Plaintiff here does not allege sufficient facts to show that BofA furnished inaccurate or misleading information to credit report agencies. There are no delinquent, overdue, or incorrect balances reflected in Plaintiff's credit report. *Cf. Grantham*, 2012 WL 5904729, at *4 (denying, in part, motion to dismiss where plaintiff's credit report reflected that her account was "30 days overdue in November 2010, while at the same time reporting a $0 balance for October and November 2010"); *Huizar v. Wells Fargo Bank, N.A.*, 257 F.Supp.3d 1103, 1108 (E.D. Cal. 2017) (denying motion to dismiss where plaintiff alleged that her credit report reflected that she was "delinquent on her account and had an outstanding balance" despite confirmation of her bankruptcy plan); *Venugopal*, 2013 WL 1283436, at *3 (N.D. Cal. 2013) (denying motion to dismiss where plaintiff alleged that his credit report reflected "overdue payments" on a discharged credit account).

In fact, it is clear that nothing in Plaintiff's credit report suggests that her account was still collectible and owing, or inaccurate in any event. Plaintiff's CCRAA claim fails on that basis alone.

### B. Plaintiff Fails to Allege Actual Damages.

A CCRAA claim can only be brought by persons who actually suffered damages as a result of the violation under the statute. Cal. Civ. Code § 1785.31(a) ("[C]onsumer who suffers damages as a result of a violation of this title by any person may bring an action in a court of appropriate jurisdiction against that person to recover . . . ."). Absent such damages, a CCRAA claim fails as a matter of law. *See id.*; *see also, e.g.*, *Banga v. First USA, NA*, 29 F. Supp. 3d 1270, 1279 (N.D. Cal. Mar. 20, 2014) (actual damages are required for CCRAA claim); *Duarte v. J.P. Morgan Chase Bank*, No. CV 13-1105-GHK (MANx), 2014 WL 12561052, at *3 (C.D. Cal. Apr. 7, 2014) ("[A]ctual damage is properly construed as either 'an element of a CCRAA cause of action or a prerequisite to standing'") *(quoting Trujillo v. First Am. Registry, Inc.*, 157 Cal. App. 4th 629, 639 (2007), disapproved on other grounds by *Connor v. First Student, Inc.*, 5 Cal. 5th 1026, 10355 (2018)); *Morse v. USAA Fed. Sav. Bank*, No. 2:12-CV-00381-KJD-RJJ, 2012 WL 6020090, at *3 (D. Nev. Dec. 3, 2012) (dismissing FCRA claim where plaintiff failed to allege actual damages).

As described in Section II, *supra*, Plaintiff fails to plausibly allege that BofA's conduct caused her to suffer any actual harm. Indeed, the Complaint offers only a bare allegation that Plaintiff "has suffered damages." Compl. ¶ 35. This is insufficient. *See, e.g.*, *Quinlan*, 2011 WL 5299311, at *3 ("[The complaint is] devoid of any damages suffered by Plaintiffs as a result of the alleged CCRAA violations. Such damages are an essential element of a CCRAA claim").

While Plaintiff claims that BofA's purported actions have "adversely affect[ed] [her] credit rating" (Compl. ¶ 39), there is significant persuasive authority

suggesting that a diminished credit score, standing alone, does not represent actual damages in this context. *See, e.g.*, *Young v. Harbor Motor Works, Inc.*, No. 2:07-CV-31 JVB, 2009 WL 187793, at *5 (N.D. Ind. Jan. 27, 2009) (dismissing FCRA claim in which plaintiff alleged that he suffered a decrease in his credit score but no pecuniary or non-pecuniary damage arising from such decrease); *Duarte,* 2014 WL 12561052, at *4 (holding that impaired credit does not constitute actual damages for purposes of the CCRAA); *Cf. King v. Bank of Am., N.A.*, No. C-12-04168 JCS, 2012 WL 4685993, at *6 (N.D. Cal. Oct. 1, 2012) (denying motion to dismiss FCRA claim where plaintiff alleged pain and suffering in addition to impediment in seeking necessary products and services from vendors and additional credit from other credit agencies). As the Northern District of California noted, "[t]his is logical because, absent an allegation that plaintiff 'was denied credit, lost credit, had his credit limits lowered, or was required to pay a higher interest rate for credit,' the negative effects of a lowered credit score did not cause 'actual' harm." *Ramos v. Experian Info. Sols., Inc.*, No. 16-cv-06375-PJH, 2017 WL 1047019, at *9 (N.D. Cal. Mar. 20, 2017) (dismissing FCRA and CCRAA claims where complaint failed to allege actual or statutory damages).

Here, Plaintiff has not even pled an actual diminished credit score, let alone consideration of and/or denial of credit opportunities. (Nor can she because, as described above, there is nothing inaccurate or misleading on her credit report in the first place.) Further, the alleged furnishing of an inaccurate credit report itself does not constitute actual damages. *Duarte*, 2014 WL 12561052, at *4 (*quoting Trujillo*, 157 Cal. App. 4th at 638 ("[I]f the Legislature thought inaccurate reports were inherently harmful, it would not have required that the CCRAA plaintiffs have 'suffere[d] damages as a result of a violation.'")).

Because the CCRAA requires a showing of actual harm as an element of the claim and Plaintiff has not alleged any facts to demonstrate a particular injury resulting from BofA's purported actions, Plaintiff's claim must be dismissed in its

entirety.

### C. Plaintiff Fails to Plead Willfulness Sufficient to Support Her Claim for Statutory Punitive Damages.

Plaintiff's claim also fails because she has not, and cannot, allege willful violations of the CCRAA. To state a claim for punitive damages under this statute, a plaintiff must adequately plead facts showing that the defendant not only violated the statute, but did so willfully. Cal. Civ. Code § 1785.31(a)(2)(B) & (c).[6] In the context of the FCRA, for example, a consumer must show that the defendant violated the statute either knowingly or recklessly to prove a willful violation. *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57, 69 (2007) (regarding recklessness, "a company subject to FCRA does not act in reckless disregard of it unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless").

To support her claim, Plaintiff contends that (i) BofA's violations were "knowing and intentional," Compl. ¶ 7; (ii) BofA "has chosen not to accurately report the fact that [] debts have been paid in full," *id*. ¶ 52; and (iii) BofA has a "deliberate policy of not accurately reporting [ ] debts." *Id*. ¶ 48. But Plaintiff has not alleged a factual basis for any of these broad-sweeping allegations. Plaintiff's conclusory statement that BofA "knew or should have known that [it] was not able to report monthly payment obligations on accounts that have been paid," *Id*. ¶ 70, also is insufficient to plead willfulness. *See, e.g.*, *Kilcullen v. Select Portfolio Servicing, Inc.*, No. 11-cv-2657-BEN (DHB), 2012 WL 1667150, at *4 (S.D. Cal., May 10, 2012) ("Plaintiff's claim under § 1785.25(a) fails because Plaintiff has not

---

[6] As noted above, Plaintiff specifically prays for an award of actual damages and punitive damages as provided by the statute in the case of a "willful violation." *See* Compl. at p. 12 ("Prayer for Relief") (citing Cal. Civ. Code § 1785.31(a)(2)(A) & (B).

alleged any facts showing that SPS knew or should have known that the information it was providing was incomplete or inaccurate"). Thus, Plaintiff fails to state a claim for willful violation of the CCRAA as a matter of law.

        D.      <u>Plaintiff's Claim for Violation of Section 1785.25(b) is Preempted.</u>

Plaintiff's CCRAA claim under section 1785.25(b), alleging that BofA did not make corrections to the information it furnished to the credit reporting agencies (Compl. ¶ 24), fails because it is preempted by the FCRA.[7] *See Mata v. Citimortgage, Inc.*, No. CV 10-9167 DSF (PLAx), 2011 WL 13217796, at *3 (C.D. Cal. June 8, 2011) (holding that the FCRA preempts Section 1785.25(b)). The FCRA contains an express preemption provision which provides, in relevant part, that "[n]o requirement or prohibition may be imposed under the laws of any State with respect to any subject matter regulated under . . . section 1681 s–2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies." 15 U.S.C. § 1681t(b)(1)(F).

Here, there is no dispute that (i) BofA is a person "who furnish[es] information to consumer reporting agencies" and (ii) the CCRAA provision at issue, section 1785.25(b), imposes requirements on furnishers of information to credit reporting agencies that are nearly identical to requirements set forth in the FCRA. *Compare* Cal. Civ. Code § 1785.25(b) *with* 15 U.S.C. §§ 1681t(b)(1)(F) (requiring furnishers to "promptly notify" a CRA of its determination that reported information is incomplete or inaccurate and provide corrections). Moreover, Plaintiff's claim under subsection (b) is based on conduct covered by section 1681s–2. *See* 15 U.S.C.

---

[7] Although ordinarily affirmative defenses may not be raised in a motion to dismiss, *Scott v. Kuhlmann,* 746 F.2d 1377, 1378 (9th Cir. 1984), a motion to dismiss may be granted based upon an affirmative defense where the complaint's allegations show that the affirmative defense "is apparent on the face of the complaint." *See Von Saher v. Norton Simon Museum of Art at Pasadena,* 592 F.3d 954, 969 (9th Cir. 2010) (internal quotations and citation omitted).

§§ 1681 s–2(a)(2); *see also Lovejoy v. Bank of Am., N.A.*, No. C 13-1638 DMR, 2013 WL 3360898, at *5 (N.D. Cal. July 3, 2013) (finding that plaintiff's claim for failure "to make corrections to the information it furnished" was preempted by the FCRA) (internal quotations omitted); *Holmes v. JP Morgan Chase Bank*, No. 18-cv-01693 DMS (JLB), 2019 WL 2183449, at *3 (S.D. Cal. Feb. 12, 2019) (same).

Thus, dismissal of Plaintiff's CCRAA claim pursuant to this subsection is warranted because it is preempted. *See Mata*, 2011 WL 13217796, at *3 (holding that the FCRA preempts Section 1785.25(b)); *see also Harrold v. Experian Info. Sols., Inc.*, No. C 12–02987 WHA, 2012 WL 4097708, at *3 (N.D. Cal. Sept. 17, 2012) (dismissing as preempted claims under subsections (b) and (c) of section 1785.25 "because they relate to the responsibilities of persons who furnish information to consumer reporting agencies.").[8]

## **CONCLUSION**

For the foregoing reasons, the Court should grant BofA's motion to dismiss Plaintiff's Complaint. Because the deficiencies that warrant dismissal are fundamental failings—not mere technical pleading defects that could be remedied by amendment—the Court should dismiss her claims with prejudice. *See, e.g.*, *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 356 (9th Cir. 1996) (affirming denial of leave to amend as further amendment "would be redundant and futile").

Dated:   August 21, 2019           **HOGAN LOVELLS US LLP**


By: /s/ *Michael L. Turrill*
    Michael L. Turrill
    Vassi Iliadis
    *Attorneys for Defendant*
    BANK OF AMERICA, N.A.

---

[8] BofA recognizes that this argument does not apply to Plaintiff's CCRAA claim under subsection (a) because the FCRA's preemption provision expressly excepts section 1785.25(a). *See* 15 U.S.C. § 1681t(b)(1)(F)(ii).